**E. W. & F. D. JONES DRILLING CO. v. BALDWIN et al.**

**No. 3396.**

Court of Civil Appeals of Texas. El Paso.

Oct. 22, 1936.

Rehearing Denied Nov. 5, 1936.

Dick Dixon and Frank A. Leffingwell, both of Dallas, for appellants.

William P. Goar, Goggans & Ritchie, and W. P. Donalson, all of Dallas, for appellees.

HIGGINS, Justice.

On February 12, 1931, E. W. and F. D. Jones, doing business under the name of E. W. & F. D. Jones Drilling Company, delivered to the Atchison, Topeka & Santa Fé Railway Company, at Orlando, Okl., certain secondhand oil well drilling equipment in carload lots, and ordered same shipped to E. W. & F. D. Jones Drilling Company, at Longview, Tex. Bills of lading were issued covering the shipment. No instructions were given by the Drilling Company at the time of shipment as to the route over which the shipment should move. Said Railway Company transported the shipment from Orlando to Purcell, Okl., and there delivered it to the connecting carrier, the Gulf, Colorado & Santa Fé Railway Company, which carried the same over its line to Longview and there delivered it to the International & Great Northern Railroad Company, which transported the same to Arp, Tex., and delivered same to the Drilling Company. The Gulf, Colorado & Santa Fé Railway Company line from Purcell to Longview, and over which the shipment moved, passes through Fort Worth, Cleburne, Temple, and Milano, in Texas. It was shown by the testimony of E. W. Jones that about 10 a. m. on February 13, 1931, at Oklahoma City, he verbally instructed the diversion clerk of the Atchison, Topeka & Santa Fé Railway Company to divert the shipment at Fort Worth via Longview to Arp; and, if the shipment had passed Fort Worth to divert the same over the International & Great Northern at Milano, to Arp. The order was later confirmed in writing. At the time this order was given the shipment had passed Fort Worth, but there was ample time to divert the same at Milano to the International & Great Northern, but, through the negligence of the Atchison, Topeka & Santa Fé Railway Company, the shipment was not diverted at Milano, but passed through Milano on the line of the Gulf, Colorado & Santa Fé to Longview, where it was diverted to Arp over the International & Great Northern and delivery made to the Drilling Company at Arp. Arp is near Longview, and upon the International & Great Northern between Milano and Longview. The distance from Milano to Arp over the International & Great Northern is shorter than the distance between Milano and Arp via Longview over the Gulf, Colorado & Santa Fé. The short line distance between Orlando and Arp is 362.5 miles. The short line distance between said points via Milano is 572.8 miles. Upon delivery of the shipment at Arp by the International & Great Northern to the Drilling Company, certain freight charges were paid by the Drilling Company to said Railway Company.

Later this suit was brought by the appellees, Baldwin and Thompson, trustees of the International & Great Northern Railway Co., to recover a balance alleged to be due for freight charges upon the shipment.

According to the testimony of the witnesses Hagelman and Crawford, who are rate experts, the rate fixed by the established tariff and approved by the Interstate Commerce Commission on carload shipments of secondhand oil well drilling equipment from Orlando to Arp, not diverted or reconsigned in transit, moving via the Santa Fé Lines to Milano and thence over the International & Great Northern to Arp, is 68 cents per hundred.

This is the rate upon the basis of which settlement of the freight charges was originally made. According to Hagleman, who was plaintiff's witness, the rate upon such shipments, which are diverted in transit, as this one was, over the route last stated, is 85 cents per hundred pounds.

According to Crawford, who was defendant's witness, the rate over said route was 68 cents per hundred pounds, regardless of the fact that the shipment was one diverted in transit.

The trial court held in accordance with the plaintiff's theory that the 85-cent rate applied and rendered judgment accordingly.

When the diversion order was given, the shipment had passed Fort Worth and it could not be diverted there. However, the order was given in time for the diversion to have been made at Milano to the International & Great Northern, and it should have been so diverted. But the failure to deliver the shipment at Milano to the International & Great Northern is unimportant in the determination of the question at issue, for the plaintiffs are asserting the 85-cent rate was the one applicable to the shipment if it had been diverted at Milano and moved from there to Arp over the International & Great Northern Railroad. The question at issue is simply whether the fact that the shipment was a diverted one renders the 85-cent rate applicable.

Freight classification sheets and tariffs are supposed to be expressed in plain terms so that the ordinary businessman can understand them and determine for himself what he can lawfully be charged for the transportation of freight. Atlantic Bridge Co. v. Atlantic Coast Line R. Co. (D.C.) 56 F.(2d) 163. However, as a matter of fact, freight classifications and rates are highly technical and not understood by the average person. It is a subject which only experts fully understand and, like all experts, they frequently disagree. They do so here. The applicable classification sheets and tariffs were in evidence, and, so far as we are capable of understanding the same, the 85-cent rate applied because of the diverted nature of shipment. The rate expert, Hagleman, so testified, and we think he properly interpreted the tariff under the present facts.

It will serve no purpose to encumber this opinion by copying the lengthy and complicated documentary evidence bearing upon the question.

Affirmed.

### On Rehearing.

In the opinion it was said settlement of the freight charges was originally made on the basis of the 68-cent rate. This is incorrect. Such settlement was made on the basis of 71 cents per hundred pounds.

With this correction the motion for rehearing is overruled.